IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANGELA DICKERSON,

Plaintiff,

v.

MICHAEL J. ASTRUE, COMMISSIONER,         No. 06-988-DRH

Defendant.

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

### I. Introduction and Background

Now before the Court is Plaintiff's Motion for an Award of Attorney's Fees and Costs Pursuant to EAJA (Doc. 19). Defendant has filed response arguing that the Commissioner's position was substantially justified (Doc. 22). For the following reasons, the Court **GRANTS** Plaintiff's motion for attorney's fees (Doc. 19).

On December 4, 2006, Plaintiff filed an appeal seeking review of the denial of her application for Supplemental Security Income (SSI) by Administrative Law Judge James E. Craig (Doc. 2). Plaintiff alleged that the ALJ's decision was arbitrary and capricious, based upon an incorrect legal standard, and not based on substantial evidence. Plaintiff argued that the ALJ was in error for discounting her treating physician's opinion. Plaintiff further argued that her repeated complaints of increasing pain, her need for medication, absence of evidence of sustained improvement, side effects of her medication, as well as her psychosocial limitations

were sufficient evidence for a finding of disability.

On February 5, 2008, Magistrate Judge Proud issued a Report and Recommendation ("R&R") granting Plaintiff's motion for summary judgment and granting her appeal, remanding the action to the Social Security Administration for further proceedings in accordance with sentence four of 42 U.S.C. § 405(g) due to an insufficient review of the evidence (Doc. 16). Judge Proud found that the ALJ's credibility determination was based on errors of reasoning. (Doc. 16 p. 21). As Judge Proud noted, the ALJ "appears to have 'cherry-picked' slight variations in phrasing, while ignoring consistency in the record as a whole regarding radiculopathy." There was consistent objective evidence in the record supporting her principal impairment. Judge Proud noted that since there was only Plaintiff's own testimony demonstrating the impact of her ailments, the ALJ's credibility determination was of added importance and there was evidence in the record that pain medication was consistently prescribed, which Judge Proud deemed "telling." Further, Plaintiff's medical history showed only two brief periods of sustained improvement. Judge Proud concluded that Plaintiff's long history of pain and treatment could not be dismissed and thus, Judge Proud recommended that Plaintiff's appeal be granted. On February 28, 2008, the Court adopted Judge Proud's recommendation, granting Plaintiff's motion for summary judgment and her appeal (Doc. 17).

On March 26, 2008, Plaintiff filed this Motion for an award of attorney's fees and costs pursuant to the EAJA (Doc. 19). Plaintiff argues that she is entitled

to attorney's fees because the agency's position was not substantially justified. Plaintiff points to the fact that Judge Proud determined the ALJ had picked favorable snippets out of years of significant and ongoing pain complaints and treatment as proof that the agency's position was not substantially justified. Defendant has filed a response asserting that the Commissioner's position was substantially justified.

## II. Analysis

It is a general rule in the United States that in the absence of legislation proving otherwise, litigants must pay their own attorney's fees. ***Alyeska Pipeline Co. v. Wilderness Society*, 421 U.S. 240 (1975).** Plaintiff argues that she is entitled to recover attorney's fees and other non-taxable expenses under 28 U.S.C. § 2412. The EAJA provides in part that "a court may award reasonable fees and expenses of attorneys…to the prevailing party in any civil action brought by or against the United States…" **28 U.S.C. § 2412(b)**. Under the EAJA, the court may award attorney's fees where:

> 1) the claimant is a "prevailing party"; 2) the government's position was not substantially justified; 3) no "special circumstances make an award unjust"; and 4) the fee application is submitted to the court within 30 days of final judgment and is supported by an itemized statement.

***United States of America v. Hallmark Construction Company*, 200 F.3d 1076, 1078-79 (7th Cir. 2000) (citing *Commissioner, INS v. Jean*, 496 U.S. 154, 158, 110 S.Ct. 2316 (1990))**. In this case, the Commissioner concedes that Plaintiff's motion is timely and that Plaintiff is the prevailing party. The Commissioner

contests only the "substantial justification" prong of the test.

"Although there is no presumption that a prevailing party against the government will recover attorney's fees under the EAJA, the government bears the burden of proving that" its position is substantially justified. **Hallmark, 200 F.3d at 1079 (citing *Marcus v. Shalala*, 17 F.3d 1033, 1036 (7th Cir. 1994); *Jackson v. Chater*, 94 F.3d 274, 278 (7th Cir. 1996))**. The test for whether the government's position is substantially justified is "whether the agency had a rational ground for thinking it had a rational ground for its action." **Kolman v. Shalala, 39 F.3d 173, 177 (7th Cir. 1994)**. Substantially justified is satisfied "if reasonable people could differ as to the appropriateness of the contested action." **Stein v. Sullivan, 966 F.2d 317, 320 (7th Cir. 1992) (citing *Pierce v. Underwood*, 487 U.S. 552, 565 (1988))**. The government's position must be reasonable both in law and fact. **Conrad v. Barnhart, 434 F.3d 987, 990 (7th Cir. 2006)**. Although the question of whether a party is entitled to attorney's fees under the EAJA should not result in a second major litigation, "the district court must reexamine the legal and factual circumstances of the case from a different perspective than that used at any other stage of the proceedings." **Hallmark, 200 F.3d at 1079.**

The Commissioner argues that its position was substantially justified at both the administrative and litigation stage. The Commissioner points to MRI reports, arguing that it was reasonable to conclude that the abnormalities and other objective findings, although demonstrating the existence of an impairment that could

cause pain, did not support the intensity and frequency of the alleged pain or the degree of limitation alleged by Plaintiff. Further, the Commissioner argues that the ALJ's credibility finding was at least reasonable based on Plaintiff's reports that her pain was not aggravated by activity, Dr. Robinson's statements that Plaintiff had only minimal back pain and was well-maintained on medication, and treatment records which showed no complaints of medication side effects.

However, as noted by Judge Proud, there was consistent objective evidence in the record of Plaintiff's principal impairment. There was consistent evidence in the record regarding Plaintiff's condition and between August 2002 and January 2006 there were only two brief periods of improvement for Plaintiff which, as Judge Proud pointed out, amounted "to no more than a scintilla of evidence" of the lack of credibility. The ALJ ignored consistency in the record and "cherry-picked" variations in phrasing. Because the ALJ ignored consistent evidence which amounted to an error in his reasoning, the Court finds that the agency's position was not reasonable. Therefore, the Court finds that the Commissioner's position was not substantially justified and Plaintiff is entitled to attorney's fees. Further, the Court finds that the rates Plaintiff's attorney charges are reasonable and as such, the Court awards Plaintiff $2,637.50 in attorney's fees.

### III. Conclusion

Therefore, the Court finds that Plaintiff is entitled to attorney's fees under the EAJA. The Court **GRANTS** Plaintiff's motion for an award of attorney's

fees and costs pursuant to EAJA (Doc. 19). The Court awards Plaintiff $2,637.50 in attorney's fees and costs.

**IT IS SO ORDERED.**

Signed this 26th day of March, 2009.

/s/      DavidRHerndon

**Chief Judge**
**United States District Court**